UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM BARKSDALE, JR., <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, et al., <br><br> Respondents. | Civil Action No. 20-6975 (RBK) <br><br><br> **OPINION** |

**ROBERT B. KUGLER, U.S.D.J.**

Petitioner, a former federal prisoner, is currently serving a term of supervised release. He is proceeding *pro se* with an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (hereinafter "Petition"). (ECF No. 5.) For the reasons set forth below, the Court will dismiss the Petition for lack of jurisdiction.

## I.   BACKGROUND

This case arises from the plea agreement in Petitioner's criminal case, Criminal Action No. 11-841. In that case, Petitioner pleaded guilty to one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1349, 1343. (ECF No. 5.) This Court sentenced Petitioner to, among other things, twenty months in prison and five years of supervised release. (*United States v. Barksdale*, Crim No. 11-841, ECF No. 22.)

Despite the plea agreement and its waiver of his right to file a motion under 28 U.S.C. § 2255, Petitioner filed a counseled § 2255 motion, in February of 2015. (Crim No. 11-841, ECF Nos. 5, 34.) According to Petitioner, in exchange for Petitioner's cooperation in a related state prosecution, the Government had verbally promised to file a motion under Federal Rule of Criminal Procedure 35 to vacate his conviction and sentence. (ECF No. 1, at 5.) In Petitioner's

view, the Government reneged on its promise by declaring an intent to file a Rule 35 motion to reduce sentence to time served, rather than one to vacate his conviction and sentence.

After filing the § 2255 motion, however, the Government advised Petitioner that if he "did not withdraw his . . . 2255 Motion, the government would retry and/or re-prosecute him . . . to the full extent of the law and ask for the maximum sentence of 30 years." (ECF No. 1, at 5–6.)  The Government also advised that it "would not file any Rule 35 motion," if he pursued his § 2255 motion. (*Id*. at 6.)

Ultimately, Petitioner stipulated to the dismissal of his § 2255 motion, with prejudice, and in September of 2015, the Court granted the Government's Rule 35 motion to reduce sentence to time served. (Crim. No. 11-841, ECF No. 40.; *Barksdale v. United States*, Civ. No. 15-0134, ECF No. 12.)

In the following years, the Government filed a number of petitions to revoke supervised release, alleging that Petitioner committed new crimes. (Crim. No. 11-841, ECF Nos. 47, 49, 66.) Those petitions remain pending before the Court.

In June of 2020, Petitioner filed his initial § 2241 petition, and in September of 2020, Petitioner filed the instant Petition.  In his Petition, Petitioner raises prosecutorial misconduct, new evidence, and sentencing error claims.

## II.     STANDARD OF REVIEW

Federal district courts have a pre-service duty under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, which is applicable to § 2241 petitions pursuant to Rule 1(b), to screen and summarily dismiss a habeas petition prior to any answer or other pleading when the petition "appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (explaining that courts

may dismiss petitions where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

### III. DISCUSSION

Petitioner challenges his conviction and sentence under 28 U.S.C. § 2241. Generally, however, a person must bring a challenge to the validity of a federal conviction or sentence under 28 U.S.C. § 2255. *See Jackman v. Shartle*, 535 F. App'x 87, 88–89 (3d Cir. 2013) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)). This is true because § 2255 prohibits a district court from entertaining a challenge to a prisoner's federal sentence through § 2241 unless the remedy under § 2255 is "inadequate or ineffective." *See* 28 U.S.C. § 2255(e). Indeed, § 2255(e) states that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such a court has denied him relief, unless it also appears that the remedy by the motion is inadequate or ineffective to test the legality of his detention.

A § 2255 motion is "inadequate or ineffective," which permits a petitioner to resort to a § 2241 petition, "only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002). However, § 2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." *Id.* at 539. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id.* at 538. "The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Id.* at 539 (citing *In re Dorsainvil*, 119 F.3d 245, 251–52 (3d Cir. 1997)).

3

In *Dorsainvil*, the Third Circuit held that the remedy under § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251.

Nevertheless, the Third Circuit emphasized that its holding was not suggesting that a § 2255 motion was "inadequate or ineffective" merely because a petitioner is unable to meet the strict gatekeeping requirements of § 2255. *See id.*

Thus, under *Dorsainvil* and its progeny, this Court would have jurisdiction over the Petition if, and only if, Petitioner alleges: (1) his "actual innocence," (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct, and (3) for which he had no other opportunity to seek judicial review. *See Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 180 (3d Cir. 2017); *Okereke*, 307 F.3d at 120; *Cradle*, 290 F.3d at 539; *Dorsainvil*, 119 F.3d at 251–52.

With those principles in mind, Petitioner raises prosecutorial misconduct, new evidence, and sentencing error claims. These claims do not fall within the *Dorsainvil* exception because § 2255 is not "inadequate or ineffective" to raise such claims.

Petitioners may raise prosecutorial misconduct and new evidence claims in a § 2255 motion. *E.g.*, *Tawalbeh v. Grondolsky*, 362 F. App'x 232, 235 (3d Cir. 2010); *see also Drabovskiy v. Warden FCI Allenwood*, 534 F. App'x 98, 100 (3d Cir. 2013); *DeFoggi v. United States*, No. 19-13666, 2019 WL 7288882, at *3 (D.N.J. Dec. 30, 2019). In particular, petitioners may raise a prosecutorial misconduct claim, of the breach of promise variety, in a § 2255 motion. *United States v. McNamara*, No. 06-3422, 2009 WL 1012239, at *4, *7–8 (E.D. Pa. Apr. 14, 2009) (addressing the timeliness and merits of a breach of promise claim in connection with a Rule 35 motion).

4

Similarly, petitioners may challenge sentencing errors under § 2255. *See, e.g.*, *Jenifer v. Warden FCI Fort Dix*, No. 17-13584, 2018 WL 1783800, at *1 (D.N.J. Apr. 11, 2018).

Furthermore, Petitioner contends that this Court improperly enhanced his sentence, but such claims do not fall within the *Dorsainvil* exception because he argues that he is actually innocent of a sentencing enhancement, as opposed to being actually innocent of the crime for which he was convicted. *See, e.g.*, *United States v. Brown*, 456 Fed. App'x 79, 81 (3d Cir. 2012); *Maher v. Fed. Bureau of Prisons*, No. 18-2348, 2018 WL 2095594, at *2 (D.N.J. May 7, 2018) (citing cases).

Finally, to the extent that Petitioner argues that § 2255 is inadequate or ineffective because the Government "forced" him to withdraw his § 2255 motion, the Court disagrees. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Cradle*, 290 F.3d at 538. Under the plea agreement, Petitioner had bargained away his ability to file a § 2255 motion freely, and the Government had the right to prosecute him under the full extent of the law, if he chose to violate the agreement. In any event, Petitioner could have filed a § 2255 motion— regardless of the consequences—to address his breach of promise claim. Thus, it appears that Petitioner simply did not wish to risk the benefits of his plea agreement, but that did not make § 2255 inadequate or ineffective to raise his claims.

As a result, the Court finds that the allegations in the Petition, accepted as true, would not necessarily demonstrate that "some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication." *Cradle*, 290 F.3d at 538; *see also Massey v. U.S.*, 581 F.3d 172, 174 (3d Cir. 2009).

Accordingly, since the *Dorsainvil* exception does not apply here, this Court lacks jurisdiction to entertain these challenges to Petitioner's conviction and sentence. Whenever a party files a civil action in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice,

transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631.

Since Petitioner has already pursued a motion under § 2255,[1] he must seek authorization from the Third Circuit to file a second or successive § 2255 motion. 28 U.S.C. § 2244(b)(3). This Court finds that it is not in the interest of justice to transfer this Petition to the Third Circuit, as it does not appear that Petitioner can satisfy the requirements of § 2244(b)(2). However, this Court's decision does not prevent Petitioner from seeking permission from the Third Circuit on his own.

### IV.  CONCLUSION

For the foregoing reasons, the Court will dismiss the Petition for lack of jurisdiction. An appropriate Order follows.

DATED: April 14, 2021                             s/Robert B. Kugler
                                                  ROBERT B. KUGLER
                                                  United States District Judge

---

[1] In that case, Petitioner, with counsel, agreed to withdraw his § 2255 motion, and stipulated to the dismissal of that matter, with prejudice. (*Barksdale v. United States*, Civ. No. 15-0134, ECF No. 12.)